## [No. 1983.]

### LOUIS WILLIAMS *v.* THE STATE.

1. PRACTICE.— ARREST OF JUDGMENT is available only upon such grounds as would be good upon exceptions to an indictment or information for any substantial defect therein.   That the accused has been convicted upon a former indictment, for the same offense, and that his appeal from that conviction is pending in the court of appeals at the time of the rendition of the second judgment, is not one of the substantial grounds upon which an indictment can be held bad upon exception or on a motion in arrest.

2. SAME — SPECIAL PLEAS.— But two grounds are mentioned in the statute (Code of Criminal Procedure, article 52ₐ) as sufficient to authorize the setting aside of an indictment, both of which relate to the organization and composition of the grand jury who preferred it.   Former conviction and former acquittal are the only special pleas in criminal causes recognized in terms by the Code of Procedure.   (Article 525.)   Jeopardy and want of jurisdiction are the only constitutional defenses which, independent of statutory authority, can be raised by special plea.   None of these authorize an accused to urge, by motion in arrest, the pendency of a former indictment, on appeal.   Moreover, this court judicially knows that the former indictment in this particular case was absolutely null and void, and therefore it would not, if the rule were otherwise, hold that the pendency of the void indictment would operate to bar a good one.   See the opinion *in extenso* for an exposition of the rule, and for a history of the case.

APPEAL from the District Court of Cooke.   Tried below before the Hon. F. E. Piner.

The conviction in this case was for the robbery of K. Portman, in Cooke county, Texas, on the 12th day of January, 1885.   A term of nine years in the penitentiary was the penalty assessed against the appellant.

The opinion of the court discloses the history of the case.   The transcript brings up no statement of facts.

*A. L. Scott* filed an able brief and argument for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. A brief history of the prosecution will illustrate the only question necessary to be determined in the disposition of this appeal.

Appellant has been prosecuted under two indictments in this case, both charging the same identical robbery and the same facts constituting it. The first indictment was filed on the 24th day of April, 1885. Upon this indictment appellant was put to trial and convicted. He appealed to this court, and on the 4th day of November last, at our Tyler branch, his appeal coming on to be heard, the judgment was reversed and the prosecution dismissed because the proposed indictment upon which he had been tried and convicted was a nullity, it having been found and presented by a pretended grand jury composed of thirteen members. Upon the very day, to wit, the 4th of November, 1885, on which the appeal was heard and the prosecution dismissed in this court, the second or new indictment was presented and filed in the district court of Cooke county. Upon this second indictment appellant was brought to trial and again convicted on the 17th day of November, 1885.

The mandate of this court, showing what disposition had been made of the appealed case, was not filed in the lower court either at the time the second indictment was presented nor when the second judgment was rendered, and was not filed in said court until the 21st day of November, 1885, which was four days after rendition of said second judgment. After his second conviction, and on the same day, to wit, the 17th of November, defendant filed his motion in arrest of judgment upon the ground that the second indictment upon which the conviction was had was illegal, null and void, for the reason that, at the time of its finding and presentation by the grand jury to the district court, there was pending in the court of appeals of the State of Texas an appeal prosecuted from said district court by the defendant from a conviction based upon an indictment substantially the same, and identical so far as the offense, time and place are concerned, and that the two cases are in fact and law the same case. That the pendency of said appeal wholly removed said cause from the district court and placed it beyond the pale of its jurisdiction, and that neither the grand jury which found, nor the court which tried defendant upon, said indictment did or could have jurisdiction to act in the premises; and that, therefore, said indictment was and is null and void.

It is a provision of law that "a motion in arrest of judgment shall be granted upon any ground which would be good upon exceptions to an indictment or information for any substantial defect therein." (Code Crim. Proc., art. 787.) Testing this motion in arrest of judgment by this rule the question is, would the grounds stated in said motion have been good on exception to the indictment? Most clearly not. Only two special pleas are recognized in terms by our Code of Procedure, viz.: former conviction and former acquittal (Code Crim. Proc., art. 525), and there are only two grounds provided as sufficient to require a setting aside of the indictment. (Code Crim. Proc., art. 523.) There are two other pleas not specifically mentioned or authorized in the Code, which are constitutional and inherent, to wit: jeopardy and want of jurisdiction, and a special issue as to these may also be raised by special plea independently of any provisions of the statute. But under none of the rules or provisions of our statute, as they now exist, is the motion in arrest in this case maintainable. As the law aforetime was, and before the adoption of the Code, such motion might, perhaps, have been of some force and effect. Such would seem to be the rule as announced by our supreme court in the early case of *Burdett* v. *The State*, 9 Texas, 43. But that opinion was before the adoption of the present Codes. (*Schindler* v. *The State*, 15 Texas Ct. App., 394.) In *Hardin* v. *The State*, 4 Texas Ct. App., 355, it was held that a plea in abatement because a previous indictment for the same offense was still pending was not good. And so in the Schindler case, where the defendant pleaded specially the pendency of a prior indictment for the same offense in another county, the plea was held not to be good. (15 Texas Ct. App., 394. See, also, *Cocke* v. *The State*, 8 Texas Ct. App., 659.)

In this particular case, over and above the reasons given, it is judicially known to this court at least that the first indictment, which was appealed to this court, was absolutely null and void, and if the rule were even otherwise than as above stated, knowing such facts, we do not think we would be authorized to hold that the pendency of a void indictment would bar the prosecution of another; nor would it suspend subsequent action upon another valid one. No error was committed in overruling the motion in arrest.

There is no statement of facts in the record, and no other question presented requiring discussion; and the judgment is, therefore, affirmed.

*Affirmed.*